IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY FLASHER, | ) |
|     Plaintiff, | ) CIVIL ACTION NO: _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| JLG INDUSTRIES, INC. | ) |
| | ) *ELECTRONICALLY FILED* |
|     Defendant. | ) |

# COMPLAINT

Plaintiff, Bradley Flasher, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, JLG Industries, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful

discrimination practices that are the subject of this action were committed in this Judicial District.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

4. Plaintiff, Bradley Flasher ("Mr. Flasher" or "Plaintiff"), is an adult individual currently residing in Huntingdon County, Pennsylvania.

5. Defendant, JLG Industies, Inc. ("Defendant") is a Pennsylvania business corporation with a plant and headquarters at 1 JLG Dr, Mcconnellsburg, Fulton County, Pennsylvania.

6. At all times relevant to this Complaint, Defendant employed in excess of fifty (50) employees, including Mr. Flasher, making Defendant an "employer" as defined under the FMLA.

## STATEMENT OF FACTS

7. Mr. Flasher began working for Defendant in or around June 2018 as a welder at its location in McConnellsburg, Fulton County, Pennsylvania.

8. On or about November 2019, Mr. Flasher applied and was approved for intermittent FMLA leave in order to care for his father.

9. Mr. Flasher notified Defendant every time he had to use his FMLA leave by calling in to notify his supervisor; between November and December 2019, Mr. Flasher used approximately six (6) days of leave.

10. Initially, Defendant did not approve these absences under his FMLA leave, despite Mr. Flasher having the leave available.

11. Ultimately, Defendant approved two (2) days of leave, which left Mr. Flasher with four (4) unapproved days off.

12. Because of these four (4) unapproved days, Mr. Flasher was placed on a Final Warning.

13. At the start of January 2021, Defendant instituted a new policy whereby all employees who were on a Final Warning were immediately and summarily terminated.

14. By terminating Mr. Flasher because of leave that he had taken pursuant to the FMLA, Defendant retaliated against him for taking take job-protected leave under the FMLA and discriminated against Mr. Flasher for taking leave under the FMLA.

## COUNT I

**Violation of the FMLA**
*FMLA Retaliation*

15. All prior paragraphs are incorporated herein as if set forth fully below.

16. Mr. Flasher had the right under the FMLA to twelve (12) weeks of job-protected leave in a fifty-two (52) week period because of his father's serious health condition and ongoing treatment of such serious health condition.

17. The FMLA prohibits an employer from interfering with an employee for exercising his FMLA rights.

18. Defendant violated Mr. Flasher's FMLA rights by terminating his employment as a result of FMLA-related absences.

19. Mr. Flasher's termination was based upon his use of FMLA leave as he was only on Final Warning because of four (4) FMLA-related absences, which Defendant had failed to approve.

WHEREFORE, Plaintiff, Bradley Flasher, seeks judgment in his favor and against Defendant, JLG Industries, Inc., for (a) backpay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on her monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: <u>December 9, 2022</u>

<u>*/s/ Steve T. Mahan*</u>
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

<u>*/s/ Michael J. Bradley*</u>
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

<u>*/s/ Larry A. Weisberg*</u>
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)
*Counsel for Plaintiff*
